IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vincent Best, # 10840-058, | ) C/A No. 0:09-11-TLW-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| John Owens, Warden, | ) |
| Respondent. | ) |

This habeas corpus matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the petitioner's motion to transfer venue. (Docket Entry 34.) The Petitioner, a self-represented federal prisoner, seeks to transfer venue from the District of South Carolina to the Eastern District of New York, Brooklyn Division, within which the petitioner is now incarcerated. The respondent consents to the transfer. (Docket Entry 35.)

Although venue was proper in this court when the Petition was filed, the petitioner has now been transferred from the Federal Correctional Institution-Williamsburg, which is in the District of South Carolina, to M.D.C. Brooklyn in Brooklyn, New York, and is now in the custody of Warden Duke Terrell.

Because the respondent in this matter, Warden John Owen, no longer has custody of the petitioner, and because he no longer has the power to release the petitioner even if the court were to grant the relief the petitioner seeks, the court finds that venue should be transferred as requested. See, e.g., Anderson v. Drew, C/A No. 8:08-3197-HFF, 2009 WL 1458214 (D.S.C. May 21, 2009).

*PJG*

**RECOMMENDATION**

Therefore, the court recommends that the Petitioner's motion (Docket Entry 34) be granted and that this matter be transferred to the Eastern District of New York.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 25, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).