UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

VINCENT BEST                                    10-cv-738 (ARR) (RML)

                Petitioner,           NOT FOR PRINT OR
                                                ELECTRONIC
                                                PUBLICATION
-against-

DUKE TERRELL, Warden, Metropolitan              ORDER
Detention Center, Brooklyn

                Respondent.
------------------------------------------------------------------x

ROSS, United States District Judge:

Petitioner Vincent Best filed a petition for a writ of habeas corpus in the United States District Court of South Carolina seeking immediate release from the Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina. (Dkt. No. 1.) In essence, petitioner claims that the Bureau of Prisons ("BOP") improperly calculated his sentence when he entered BOP custody, in violation of an "oral sentence" of sixty months pronounced at sentencing by Judge Robert Potter of the Western District of North Carolina. (Pet. at 2, Dkt. No. 1.) Petitioner alleges he completed his sentence in January of 1999. (Pet. At 3, Dkt. No. 1.)

On February 18, 2010, the United States District Court for the District of South Carolina granted petitioner's motion for change of venue to this court since petitioner is currently incarcerated at Metropolitan Detention Center ("MDC") in Brooklyn. (Dkt. No. 40.) On February 16, 2010, petitioner submitted a Petition for Emergency Injunctive Relief to this court, stating that respondent now seeks to transfer petitioner to another district, "thereby denying

1

petitioner his legal rights to review." (Pet. for Emergency Injunctive Relief at 1.) For the reasons set forth below, the petition is denied.

## DISCUSSION

Petitioner seeks to prevent BOP from effecting his transfer to another federal facility. It is well settled that a prisoner has no constitutional right to serve a sentence in any particular institution or to be transferred or not transferred from one facility to another. Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Decisions about where to house a particular inmate are committed to the discretion of the BOP, which is to consider factors enumerated in 18 U.S.C. § 3621(b). A district court "has no authority to order that a convicted defendant be confined in a particular facility . . . those decisions are within the sole discretion of the Bureau of Prisons." United States v. Williams, 65 F.3d 301, 307 (2d Cir. 1995). In fact, the BOP's discretion in making classification decisions is "virtually unfettered." Gissendanner v. Menifee, 975 F.Supp. 249, 251 (W.D.N.Y. 1997) (citation omitted). Thus, petitioner does not have a right to enjoin his relocation, and petitioner's confinement to any particular facility is within the sole discretion of the BOP.

Should petitioner be transferred by BOP such that venue for his underlying habeas petition is improper in this district, petitioner may move to transfer venue to the district of his incarceration.

## CONCLUSION

For the reasons set forth above, Petitioner's request for injunctive relief is denied.

SO ORDERED.

2

Allyne R. Ross
United States District Judge

Dated: February 22, 2010
Brooklyn, New York

**Service List:**

Petitioner (Pro Se):

Vincent Best
10840-058
MDC Brooklyn
PO Box 329002
Brooklyn, NY 11232


Respondent:

Barbara Murcier Bowens
United States Attorneys Office
1441 Main Street
Suite 500
Columbia, SC 29201


Cc: Magistrate Judge Levy